UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JAMES A. BLAIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-21-TLS |
| MARY HARPER, and PORTER COUNTY CHILD SUPPORT, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

James A. Blair, a Plaintiff proceeding pro se, filed Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1] against the Defendants, Judge Mary Harper, and the Porter County Child Support Division. He also filed a Petition to Proceed Without Prepayment of Fees and Costs [ECF No. 2]. For the reasons set forth below, the Plaintiff's Petition is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Prepayment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490

U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's Petition establishes that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether a petitioner may proceed IFP, the court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health*

*Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

According to the Complaint, the Plaintiff is suing the child support division because it never advised him of his rights, improperly charged him support for a child that is not his, and did not comply with federal guidelines. The Defendant names Porter County Judge Mary Harper as a Defendant because she "did not read the case file" and he was denied his right to appeal his case. (Pl.'s Compl. 2.) The relief the Plaintiff seeks is "case dismissal[]." (*Id.* 3.)

It is apparent that the Plaintiff's claims stem from a lawsuit originating in an Indiana state court. This Court does not have jurisdiction to review or reverse orders issued in a state court case. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir.1984)).

A federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900. Here, the Court cannot discern any such independent

3

claims from the Plaintiff's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests. Rather, all of the alleged injuries appear to have resulted from the state court judgment itself. To the extent the Plaintiff wants an injunction that will alter the state court's child support decision, the *Rooker-Feldman* doctrine is a jurisdictional bar. This Court has no authority to review, reverse, or dismiss the orders of the state court as the Plaintiff requests.

Moreover, even assuming that the Plaintiff has raised some claim that survives the *Rooker-Feldman* bar, he could not sue the state court judge for damages, since she is entitled to absolute immunity for acts performed in her judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). His remedy was "through appellate process," not a civil rights suit. *Id.* at 661.

The Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). But the Court will grant the Plaintiff until February 18, 2016, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). If the Plaintiff elects to file an amended complaint, he must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by February 18, 2016, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Petition to Proceed Without

Prepayment of Fees and Costs [ECF No.2], and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until February 18, 2016, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee.

    SO ORDERED on January 25, 2016.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION